UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **REXAM, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV868-DJS |
| | ) | |
| **DONALD MUELLER, RITA ESTEP,** | ) | |
| **RUDOLF KEMBITZY, JACOB KONRAD,** | ) | |
| **JOSEPH CENDEKOWITS,** | ) | |
| **MARIE FILIPOVIC, DEZSO ELEK,** | ) | |
| **DAVID HAFFNER, and CLYDE HAGY,** | ) | |
| **Individually, and as** | ) | |
| **Representatives of Persons** | ) | |
| **Similarly Situtated,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is defendants' motion to dismiss [Doc. #22] brought under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and § 502(a)(3) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, plaintiff has brought this declaratory judgment action against eight retired machinists and a machinist retiree class asserting that it has the right to amend, modify, or terminate the defendants' welfare plans. Plaintiff's subsidiary, Rexam Beverage Can Company ("Rexam BCC"), employed defendants and the alleged machinist retiree class. Through several bargaining agreements between Rexam BCC and the defendants' union, International Association of Machinists and Aerospace

Workers ("IAM"), Rexam BCC agreed to provide welfare benefit plans ("welfare plans") for the retirees and their benefits-eligible surviving spouses. Rexam as both the administrator and a fiduciary of the welfare plans has made several material changes to the plans since their inception in 1960, both with and without the approval of IAM. During that time, no member of the proposed defendant class ever instituted any legal action against plaintiff. (Compl. [Doc. #1] ¶ 37.)

Plaintiff now seeks a declaration that it has the right to amend, modify, or terminate the welfare plans. (Compl. [Doc. #1] at 9.) The Court declines to exercise jurisdiction over plaintiff's declaratory judgment action and finds, in the alternative, that plaintiff does not have standing to assert these claims.

## Background

Before suit was brought in this district, plaintiff instituted another action containing the same claim and requesting the same relief in the United States District Court for the District of Minnesota against IAM and the same proposed defendant class, among other parties. The Honorable Ann D. Montgomery, United States District Judge, denied plaintiff's request to certify the IAM retirees as a subclass because plaintiff had failed to name an adequate class representative, include other adequate class members in its amended complaint, and show good cause to amend its

2

complaint an additional time. Rexam, Inc. v. United Steel Workers of Am., No. 03-2998, 2005 WL 1260914, at *7-9 (D. Minn. May 25, 2005).[1] Two days after Judge Montgomery denied plaintiff's proposed class certification of the defendants, plaintiff filed the above-captioned case. Three months after filing its complaint stressing the need for declaratory relief before making expected "future material modifications" to the welfare plans (Compl. [Doc. #1] ¶ 31), plaintiff proceeded to make changes to the welfare plans without waiting for a decision from the Court. (Pl.'s Mem. Opp'n Mot. Dismiss [Doc. #29] at 15.)

## **DISCUSSION**

Defendants assert that plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As for defendants' Rule 12(b)(1) argument, the Court has subject matter jurisdiction pursuant to Prudential Ins. Co. v. Doe, 76 F.3d 206, 210 (8th Cir. 1996) (holding that there is federal question jurisdiction under the Declaratory Judgment Act over a fiduciary's request for a declaration of rights under an ERISA plan). The Court next considers defendants' three arguments under Rule 12(b)(6). Defendants assert that this Court should decline to exercise declaratory judgment jurisdiction over plaintiff's claims, that plaintiff lacks standing and its claims lack ripeness, and

---

[1] Although plaintiff's request for class certification was denied, it appears the claim has not been dismissed or otherwise disposed of in the Minnesota action.

3

that plaintiff's second cause of action fails to state a claim under § 502(a)(3) of ERISA. For the reasons set forth *infra*, the Court declines to exercise jurisdiction over plaintiff's declaratory judgment action, and in the alternative finds that plaintiff does not have standing to bring the current action.[2]

### A. The Court Declines to Exercise Jurisdiction over Plaintiff's Declaratory Judgment Action

"The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did no impose a duty to do so." Pub. Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962). The Court should decline rendering a declaration when it would not "serve a useful purpose in clarifying and settling the legal relations in issue" and when it would not "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." Alsager v. Dist. Court of Polk County, Iowa, 518 F.2d 1160, 1163-64 (8th Cir. 1975).

"The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Pub. Serv. Comm'n of Utah v. Wycoff, Co., 344 U.S.

---

[2] The Court does not address whether plaintiff's second cause of action fails to state a claim under § 502(a)(3) of ERISA as the issue is moot given the Court's other determinations.

4

237, 243-44 (1952). At the time the complaint was filed, the necessity of plaintiff's declaratory relief was based upon two contingencies; namely plaintiff would have to change the welfare plans and a member of the proposed defendant class would have to sue plaintiff. Courts have been hesitant to weigh in on such dually contingent matters. See, e.g., McCahill v. Borough of Fox Chapel, 438 F.2d 213, 218 (3d Cir. 1971); 10B Charles Alan Wright et al., Federal Practice and Procedure § 2752. Plaintiff has made a material change to the welfare plan after the lawsuit was filed. (Pl.'s Mem. Opp'n Mot. Dismiss [Doc. #29] at 15.) Despite this, plaintiff has not sought leave to amend its complaint to narrow the scope of its claim. Instead, plaintiff prefers to have this issue decided with respect to all future changes, thus again presenting the problem of dual contingencies. This Court declines to hear an action requiring such an advisory opinion. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998) (stating that advisory opinions have been disapproved "from the beginning").

Plaintiff appears to seek carte blanche from the Court to change and even terminate the welfare plans in the future. To accomplish this goal, plaintiff has sued a proposed class of defendants who, by plaintiff's own admission, have never brought a legal action against plaintiff despite its multiple changes to the same plans over the past four decades. Plaintiff asserts that deciding the issue of whether to grant declaratory relief is

5

necessary to determine the rights, obligations, and liabilities that exist among and between the parties. (Compl. [Doc. #1] ¶ 40.) Plaintiff's history of changes to the plans, recent amendments to the plans without a ruling from the Court, and plaintiff's initial selection of a forum where only two members of the proposed defendant class reside, Rexam, 2005 WL 1260914, at *7, belie the immediacy and the necessity of the relief. For these reasons, the Court declines to exercise jurisdiction in the declaratory judgment.

**B.    Plaintiff Does Not Have Standing**

To establish Article III standing, a plaintiff must "demonstrate that [it] has suffered [an] injury in fact, that the injury is fairly traceable to the actions of the defendant[s], and that the injury will likely be redressed by a favorable decision." County of Mille Lacs v. Benjamin, 361 F.3d 460, 463 (8th Cir. 2004) (citations omitted). A declaratory judgment plaintiff need not show that it suffered an actual injury, but must show that "it is in immediate danger of sustaining threatened injury traceable to an action of [defendants]." Id. "The purpose of the standing doctrine is to ensure that courts do not render advisory opinions rather than resolve genuine controversies between adverse parties." Lujan v. Defenders of Wildlife, 504 U.S. 555, 598 n.4 (1992) (Blackmun, J., dissenting). Additionally, with respect to the justiciability of the matter, "[d]eclaratory relief is appropriate

6

when and only when one or both parties have pursued a course of conduct that will result in imminent and inevitable litigation unless the issue is resolved by declaratory relief." 12 James Wm. Moore et al., Moore's Federal Practice § 57.22[2][c].

Plaintiff avers that it has standing because 1) it has received approximately thirteen complaints concerning changes to retiree benefits from the proposed class members between 2001 and 2003, 2) IAM has filed a grievance challenging plaintiff's right to modify benefits at any time, 3) other classes of retirees have sued plaintiff in the past, and 4) plaintiff eliminated certain retiree benefits after the filing of the complaint. (Pl.'s Mem. Opp'n Mot. Dismiss [Doc. #29] at 15-17.) The actions of other parties, such as IAM or other classes of retirees, do not reflect upon whether there exists an immediate danger of plaintiff sustaining threatened injury traceable to an action of the proposed defendant class. Furthermore, evidence of actions occurring after the commencement of a lawsuit, such as welfare plan changes, cannot be used to establish the existence of Article III standing. Park v. Forest Serv., 205 F.3d 1034, 1037-38 (8th Cir. 2000). The Court is left to consider thirteen complaints from the proposed defendant class made between 2001 and 2003 after four decades of changes to the welfare plans without any legal action from the defendants. These acts are not a "course of conduct that will result in imminent and inevitable litigation." 12 James Wm. Moore, Moore's Federal

7

Practice § 57.22[2][c].

A desire to be freed of potential, but not threatened, litigation over future changes in a defendant's policy does not constitute a "threatened injury." See Mille Lacs, 361 F.3d at 464 (finding that concerns of a defendant bank about the financial consequences of a threatened extension of tribal jurisdiction over property in which the bank held a security interest was insufficient standing to bring a declaratory judgment action). Plaintiff's concern that members of the proposed defendant class after four decades of inactivity might decide to bring suit against plaintiff for some unspecified change to plaintiff's welfare plan does not constitute a threatened injury. For the above reasons, the Court does not find that there is standing to bring this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #22] is granted.

Dated this ___7th___ day of October, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE